UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CONSTANCE DE SOUZA, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CNA FINANCIAL CORPORATION, *et al.*, )<br>)<br>    Defendants. ) | Case No. 24-cv-000640 |

**PERATON INC.'S MEMORANDUM IN
SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Peraton Inc. (hereinafter, "Peraton") by counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby submits this Memorandum in support of its Motion to Dismiss Plaintiff's Complaint. The grounds for Peraton's Motion are set forth below.

### I.     INTRODUCTION

This matter is based on an underlying motor vehicle accident wherein Plaintiff, Constance De Souza ("De Souza") allegedly sustained bodily injury as a result of the negligence of Defendant Fariduddin Marouf ("Marouf").[1] At the time of the accident, De Souza was employed by Peraton and was allegedly acting within her scope of employment. Also, at the time of the accident, Peraton was insured by a business automobile policy issued by Defendant CNA Financial Corporation ("CNA"), under Policy No. BUA7012278496 ("CNA Policy"). CNA determined that the CNA Policy did not afford De Souza UM/UIM coverage for this loss. Plaintiff brought this Declaratory Judgment Complaint to obtain a declaration regarding the UM/UIM coverage afforded

---

[1] Plaintiff De Souza filed a complaint seeking damages for bodily injuries sustained as a result of this accident in the Fairfax County Circuit Court, Virginia, under Case No. CL240003785.

1

by the CNA Policy for this loss. Peraton has no interest in the outcome of that determination and therefore, should be dismissed from this suit.

## II.     FACTUAL BACKGROUND

De Souza alleges that on April 6, 2022, she was injured in a motor vehicle accident caused by Morouf. (Complaint ¶ 9). De Souza alleges that at the time of this accident she was an employee of Peraton and acting within the scope of her employment. (Complaint ¶¶ 10-11). On the date of this accident, Peraton was the named insured on the CNA Policy. De Souza was not driving a vehicle owned by Peraton at the time of the accident. (Complaint ¶ 35). However, De Souza contends that the CNA Policy affords her underinsured motorist coverage for this loss. (*See* Complaint).

At the time of the accident, Marouf maintained an automobile insurance policy with Defendant Progressive Insurance that provided bodily injury coverage in the amount of $30,000. (Complaint ¶ 42). At the time of the accident, De Souza personally maintained an automobile insurance policy that affords underinsured motorist coverage in the amount of $50,000. (Complaint ¶ 43). Also, at the time of the accident, Defendant USAA afforded underinsured motorist coverage in the amount of $100,000 to De Souza through a resident relative provision. (Complaint ¶ 44).

De Souza's Declaratory Judgment Complaint seeks a declaration that the CNA Policy affords her with underinsured motorist coverage, which has policy limits of $1,000,000. (*See* Complaint). There are no claims for liability against Peraton for this loss and the outcome of this litigation has no impact on Peraton.

### III.     LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the Complaint. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994); *Republic Party of N.C. v. Martin*, 1980 F.2d 943, 952 (4th Cir. 1994). In addition, a motion to dismiss must be assessed in light of the pleading standards of Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

The pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This facial plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Although the allegations in the complaint must be taken as true, the Court is "not bound to accept as true legal conclusions couched as a factual allegation." *Id.*

Generally speaking, "a motion to dismiss 'is rarely appropriate in a declaratory judgment action.'" *Palmer v. Audi of Am., Inc.,* No. GJH-14-03189, 2015 U.S. Dist. LEXIS 3788 (D. Md. 2015). However, a motion to dismiss is appropriate in these contexts if the complaint fails to allege

a "justiciable controversy" or fails to allege "actual controversy." *Id.; Brown-Thomas v. Hynie,* 412 F.Supp.3d 600, 608 (2019).

## IV.  ARGUMENT

Plaintiff De Souza's Complaint fails to state a claim upon which relief can be granted because there is no actual controversy between Peraton or any of the parties to this litigation. Indeed, Peraton is not an interested party in the declaration sought by De Souza, or a necessary or indispensable party to this litigation.

### A.  There is No Actual Controversy Between Peraton and Any of the Parties.

"The Fourth Circuit has identified three elements to determine whether a plaintiff has stated a claim under the Declaratory Judgment Act. First, the complaint must allege 'an actual controversy' between the parties of sufficient reality to warrant issuance of a declaratory judgment." *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.,* 386 F.3d 581, 592 (2004) (citing, *Brown-Thomas,* 412 F. Supp. 3d at 608). "Second, there must be an independent basis for jurisdiction." *Id.* "Third, the court cannot abuse its discretion in exercising jurisdiction." *Id.*

To allege an "actual controversy," Plaintiff "must establish a dispute that is 'definite and concrete, touching the legal relations of parties with adverse interests." *Id.* (citing, *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 (2007)). "In other words, the basic question is 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.*

Here, there is no controversy between Peraton and any other party. Peraton is the employer of the allegedly injured party. (Complaint ¶¶ 10-11). Peraton has no interest or involvement in whether the CNA Policy affords De Souza underinsured motorist coverage for this loss. Nor does

4

that determination potentially impact the amount of liability imposed on Peraton. Since this accident allegedly occurred in the scope of De Souza's employment, the Virginia Workers Compensation Act bars any tort claim against Peraton.

Indeed, the Virginia Workers Compensation Act provides the sole remedy against employers for employees injured within its scope. *Lopez v. Intercept Youth Services, Inc.,* 300 Va. 190, 196 (2021). The Virginia Workers Compensation Act "reflects a legislative 'quid pro quo' that gave workers the right to assert no-fault liability against their employers (a right that they had never possessed) and took from them the right to sue their employers in tort for negligence (a right that they had possessed under common law)." *Jeffreys v. Uninsured Emp.'s Fund,* 297 Va. 82, 93 (2019).

Accordingly, the declaration sought by De Souza has no bearing or impact on Peraton. Nor does Peraton have any ability or right to determine the coverage afforded by the CNA Policy that might impact the other insurers named herein. Peraton is nothing more than a bystander in this proceeding. Therefore, there is no "actual controversy" between Peraton and any of the other parties and Peraton should be dismissed from this lawsuit.

**B.      Peraton is Not a Necessary or Indispensable Party and Therefore Can be Dismissed.**

A party must be joined (or perhaps remain) to a litigation if "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19. This is also the standard for

determining whether a party is a "necessary" part to a litigation. *Horner v. Pharmacists Mut. Ins. Co.,* 2010 U.S. Dist. LEXIS 140997, at *11 (E.D.Va. 2010).

"To determine who is a necessary and indispensable party, courts must engage in a two-step inquiry." *Princeton Excess & Surplus Lines Ins. Co. v. Immigration Ctrs. Of Am. – Farmville, LLC,* 2013 U.S. Dist. LEXIS 165859 (E.D.Va. 2013); (citing, *Owens-Ill., Inc. v. Meade,* 186 F.3d 435, 440 (4th Cir. 1999)). "First, the Court must determine 'whether a party is necessary' under Rule 19(a) and, if so, the Court must order joinder." *Princeton Excess,* at 25; (citing, *Horner,* at 11). Second, if a joinder would destroy diversity jurisdiction, the Court must determine whether the party is "indispensable" under Rule 19(b). *Id.*[2]

Peraton is not a "necessary" party to this litigation because its involvement has no impact on the Court's ability to accord complete relief among the existing parties. Indeed, Peraton has no interest in the declaration sought herein or the ability to dictate whether the CNA Policy affords De Souza underinsured motorist coverage for this loss. The CNA Policy speaks for itself. In addition, the parties have access or can gain access to any relevant documentation or information in Peraton's possession. Nor does Peraton's involvement in this litigation have any bearing on liability that may result from the underlying tort litigation or any other litigation. As discussed, the Virginia Workers Compensation Act provides De Souza's sole remedy against Peraton for this loss. No other party has any claim against Peraton for this loss, let alone a claim that would in any way implicate the declaration sought herein. Accordingly, Peraton can be dismissed from this litigation because it is not a "necessary" (or indispensable) party to this litigation.

Peraton also does not have an interest in the outcome of this litigation. As a result, there is no risk of impairing or impeding an interest by dismissing it from the lawsuit. In addition,

---

[2] Peraton is already a party to this litigation and therefore, there is no need to analyze whether its an indispensable party that destroys diversity jurisdiction.

Peraton's dismissal would not "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." The fact that Peraton employed De Souza at the time of the accident and she was allegedly performing services within the scope of her employment at the time of the accident does not impact the analysis.

In *Horner*, an employee of American Homecare allegedly caused a motor vehicle accident while operating a vehicle owned by American Homecare. *Horner v. Pharmacists Mut. Ins. Co.,* 2010 U.S. Dist. LEXIS 140997, (E.D.Va. 2010). This motor vehicle accident potentially implicated two insurance policies issued by separate insurers that named American Homecare as a named insured. *Id.* The administrator of the estate initiated a declaratory judgment action to determine the available coverage between the two insurers. *Id.* The administrator did not name American Homecare as a party to that declaratory judgment litigation and the insurers claimed the matter should be dismissed because a necessary party (American Homecare) was not named. *Id.*

The Court determined that despite the potentiality for subsequent litigation regarding the insurers' indemnification obligations to American Homecare, it was not a necessary party. *Id.* The Court also disposed of any argument predicated on insurance premiums constituting an interest in the declaration sought. *Id.*

Here, Peraton's employee was not even the alleged at-fault driver, but rather, the injured party. This eliminates any possibility of vicarious liability or conflict regarding indemnification of Peraton for vicarious liability. There is also no reasonable basis for any claims for contribution or indemnification against Peraton. In addition, De Souza was not driving a vehicle owned by Peraton at the time of the accident, which further supports the conclusion that Peraton has no interest in this litigation.

## CONCLUSION

Peraton has no interest in the outcome of this declaratory judgment complaint and there is no "actual controversy" between it and any other party. Peraton is not a necessary party and its dismissal would have no impact on the Court's or parties' ability to adjudicate this matter. Accordingly, Peraton should be dismissed from this matter with prejudice.

Respectfully submitted,

/s/ *R. Michael Trumble*
R. Michael Trumble (VSB No. 91133)
KIERNAN TREBACH LLP
1233 20th Street, NW, 8th Floor
Washington, DC  20036
Tel.: (202) 712-7000
Fax: (202) 712-7100
mtrumble@kiernantrebach.com
*Counsel for Defendant Peraton, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of April 2024, a true copy of the foregoing was sent via US mail and electronic mail and/or the Court's electronic filing system to:

Rakin R. Hamad
Curcio Law
700 North Fairfax Street, Suite 505
Alexandria, VA 22314
*Attorney for Plaintiff*

Margaret Fonshell Ward
Downs Ward Bender Herzog & Kintigh, P.A.
Executive Plaza 3, Suite 400
11350 McCormick Road
Hunt Valley, Maryland 21031
*Counsel for CNA Financial Corporation*

/s/ *R. Michael Trumble*
R. Michael Trumble